IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDREW PEARSON also known as COOKIE
also known as GARNETT LEWIS OWENS also
known as LOUIS OWENS

    Defendant.

Criminal No. 08-0318
Civil No. 14-983
**ELECTRONICALLY FILED**

## Memorandum Opinion

After numerous letters to the Court, Defendant now files a Motion under 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. In his Petition, he alleges that he is dissatisfied with the Federal Bureau of Prison's (BOP) alleged decision to credit the approximately two (2) years he spent in state and federal custody prior to his February 2010 federal sentencing toward his Alabama state parole sentence and not toward his federal sentence. On August 17, 2009, Pearson pled guilty to interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952(a)(2). He was sentenced by this Court on February 4, 2010 to 121 months in prison. At the time Pearson committed the instant federal offense, he was on state parole as a result of a prior armed robbery conviction in Alabama. Alabama detained Pearson in early 2008 for a parole violation after he committed the federal crime but before he was federally indicted. Therefore, Pearson appeared in federal court following his indictment pursuant to a writ that was issued to transfer him from state custody into federal custody. Pearson's projected federal

1

release date is November 10, 2018. Apparently, Pearson believes that his projected federal release date should be in 2016.

On January 23, 2013, Pearson sent a letter to the Court seeking credit for time served. On February 8, 2013, the law clerk responded to Defendant explaining that while the Court does not respond to letters, the Court noted that his request was "best directed to the Bureau of Prisons in the Eastern District of Arkansas as the Bureau of Prisons has the jurisdiction over sentencing calculations and credit for time served."

On September 4, 2013, Defendant filed a Motion to Correct Sentence (doc. no. 250), and this Court denied his Motion by Text Order, on September 6, 2013, stating that, "this Court is without jurisdiction to address issues related to credit for time served, as this is properly within the purview of the Federal Bureau of Prisons (BOP). To the extent Defendant seeks that this Court 'deduct' 24 months from his current sentence, said Motion is DENIED." See Text Order of 09/06/14.

On May 28, 2014, Defendant sent another letter (deemed as a motion) seeking a sentencing adjustment for "two years jail credit" and seeking it should be credited to his federal sentence. Doc. No. 252. On June 2, 2014, the Court denied the Motion explaining that calculations of time served are within the jurisdiction of the Federal Bureau of Prisons. The Court also noted that Pearson has not exhausted his available administrative remedies within the Bureau of Prisons, as is required, *Bradie v. Warden*, 2009 WL 3415163 (D.N.J. October 21, 2009). Doc. No. 253.

On July 22, 2014, Pearson filed the instant motion, more than one year after his conviction became final.

Section 2255, 28 U.S.C. § 2255 provides, in relevant part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

Whether to conduct a hearing is within the sound discretion of the district court. *United States v. Day*, 969 F.2d 39, 41 (3d Cir. 1992), *quoting Government of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir.1989), *cert. denied* 500 U.S. 954 (1991). In exercising that discretion, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record. Further, the court must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Day,* 969 F.2d at 41-42 (citation omitted). *See also* Rules Governing Section 2255 Proceedings, Rules 4 and 8. The Court should view the factual allegations in the light most favorable to the petitioner. *Government of the Virgin Islands v. Weatherwax,* 20 F.3d 572, 574 (3d Cir. 1994) (district court erred in failing to conduct evidentiary hearing on petitioner's non-frivolous allegations of ineffective assistance of counsel) (subsequent history omitted).

For Pearson to establish counsel was ineffective, he must show counsel's performance (i) was in fact deficient and (ii) that the deficient performance so prejudiced the defense as to raise doubt to the accuracy of the outcome of the trial [or the sentence]; i.e., petitioner must

3

demonstrate a reasonable probability that, but for counsel's deficiency, the outcome of the trial [or sentence] would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 692 (1984). Counsel's conduct presumptively "falls within the wide range of reasonable professional assistance," and the defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689-90 (citation omitted). On the other hand, the mere fact that counsel's challenged performance or tactic can be called "strategic" in the sense it was deliberate, does not answer the dispositive question of whether that decision or tactic fell within the wide range of "reasonable professional assistance." *Davidson v. United States,* 951 F.Supp. 555, 558 (W.D.Pa. 1996), *quoting Government of the Virgin Islands v. Weatherwax,* 77 F.3d 1425, 1431-32 (3d Cir.), *cert. denied* 117 S.Ct. 538 (1996). "Reasonable trial strategy must, by definition, be reasonable." *Davidson,* 951 F.Supp. at 558.

Counsel's strategy must be judged by a standard of reasonableness based on the prevailing norms of the legal profession. *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996) (*Strickland* standards for claims of ineffective assistance of counsel unchanged under Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214). Ineffective assistance of counsel will not be found simply because, with the assistance of hindsight, the reviewing court disagrees with counsel's strategy. *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997).

In the context of a Section 2255 petition for collateral relief, the United States Court of Appeals for the Third Circuit has offered the following guidance:

> The . . . test for determining whether a hearing should be held on an ineffectiveness claim is slightly altered by the *Strickland* holding. Our analysis of allegations of ineffectiveness of counsel breaks down into two parts. First, we must determine whether the district court considered as true all of appellant's nonfrivolous factual claims. This step requires that we review whether the district court properly found certain allegations frivolous. Second, we must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel. To evaluate claims under this second step, we must turn to both prongs of the *Strickland* test. If a nonfrivolous claim clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing. If, on the other hand, a claim, when taken as true and evaluated in light of the existing record, states a colorable claim for relief under *Strickland*, then further factual development in the form of a hearing is required. That is, if a nonfrivolous claim does not conclusively fail either prong of the *Strickland* test, then a hearing must be held. Thus, the district court must employ the *Strickland* analysis at least once, and may have to employ it twice--first, as a threshold analysis of all claims on a limited record, and then again only on colorable claims after full factual development of those claims.

*United States v. Dawson,* 857 F.2d 923, 927-28 (3d Cir. 1988).

In the context of a guilty plea, these principles are equally applicable. As the United States Court of Appeals for the Third Circuit summarized:

> In most cases, a defendant's claim of ineffective assistance of counsel involves counsel's performance during the course of a legal proceeding, either at trial or on appeal." *Flores-Ortega*, [528 U.S. 470, at ----, 120 S.Ct. 1029, at 1037 (2000)]. However, the principles apply equally to those defendants who have pled guilty. In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court applied the *Strickland* two-part test for determining ineffective assistance of counsel in a case where the defendant challenged a guilty plea. Although the standard for deficient performance remains unchanged, in a guilty plea case the standard for prejudice "focuses on *whether counsel's constitutionally ineffective performance affected the outcome of the plea process*." *Id.* at 59; *see United States v. Nahodil*, 36 F.3d 323, 326-327 (3d Cir.1994) . . . In order for a defendant . . . who challenges his guilty plea to satisfy the prejudice requirement, he must demonstrate that there is a "reasonable probability that, *but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial*." *Hill*, 474 U.S. at 59. "As with all applications of the *Strickland* test, the question whether a given defendant has made the requisite showing will turn on the facts of a particular case." *Flores-Ortega*, 528 U.S. at ----, 120 S.Ct. at 1039.

5

*Weeks v. Snyder,* 219 F.3d 245, 257 (3d Cir. 2000) (emphasis added; certain parallel and other citations omitted)

In the guilty plea context, as in any other ineffective assistance of counsel context, "'[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.' [*Strickland*,] 466 U.S. at 694." *Weeks*, 219 F.3d at 259-60 (parallel citation omitted). With these standards in mind, the Court concludes that, taking petitioner's nonfrivolous allegations as true for purposes of this motion, he cannot demonstrate a reasonable probability that counsel was ineffective or that there is a "reasonable probability that, but for counsel's [alleged] errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

First, Pearson's current claim of ineffectiveness is time barred. A Section 2255 motion must be filed within one year of the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As rehearsed, Mr. Pearson filed his Petition more than one year after his conviction became final and none of the above-stated exceptions apply. In addition, and importantly, it is not clear that Pearson has completed the BOP administrative review/remedy process. Although

he stated in his Petition that he pursued an administrative remedy with the BOP, in order for this Court to have jurisdiction over a credit dispute like the one raised by Pearson, the BOP administrative process must be exhausted. As outlined by the Government in its response, the BOP's Administrative Remedy Program is a three-tier process available to inmates such as Pearson under 28 C.F.R. § 542.10. Here, there is absolutely no evidence that Pearson complied with the three step process, and the Court could deny the Motion to Vacate Sentence on this basis as well.

Additionally, and critically, Pearson waived his right to file a Section 2255 Motion in his plea agreement. Paragraph 12 of the plea agreement specifically states: "Andrew Pearson further waives the right to file a motion to vacate sentence, under 28 U.S.C. § 2255, attacking his conviction or sentence, and the right to file any other collateral proceedings attacking his conviction or sentence." Doc. No. 139. During the guilty plea hearing, this Court also questioned Pearson thereon, and he answered affirmatively that he understood that he was giving up his right to collaterally attack his sentence under Section 2255. Accordingly, Pearson has waived his right to challenge his sentence.

If, however, the Court were to reach the merits of this issue, that his counsel was somehow ineffective "when he failed to ensure that Petitioner's sentence be carried out according to the terms of his plea agreement and in compliance with the intentions of this Court," Pearson's argument is without merit. First of all, neither the plea agreement, nor the Judgment of the Court state that the two years he spent in custody between 2008 and his federal sentencing in 2010 would be credited to his federal sentence. Pearson was informed that he would receive credit for time served. He was *not* informed that he would receive credit towards his federal sentence or double credit toward his federal and state sentences.

In fact, two sentencing documents filed by his counsel explicitly indicated that he would not receive credit for time served toward his federal sentence. In his sentencing memorandum, he stated "by the time of his federal sentencing, Mr. Pearson will have been in custody for 2-years in connection with this case. Due to the prior Alabama sentence and a detainer from that state, none of Mr. Pearson's current incarceration time will be credited toward his federal sentence." Doc. No. 193. Additionally, in Pearson's "Motion for Sentencing Guidelines' Departures and Adjustments," he requested a reduced sentence because he would not receive credit toward his federal sentence for the time he had served in custody up to his federal sentencing date. His Motion went on to state "Whereas it may not be proper for the court to direct in its sentencing order that Mr. Pearson be given credit toward his federal sentence for the time already spent in custody, it is perfectly appropriate for the court to take this time into consideration when pronouncing sentence. It is Mr. Pearson's position that it is appropriate in his case for the court to make an adjustment to the Guidelines' sentence so as to reflect the time he has already spent in custody." Doc. No. 191.

This Court then took the time Pearson had already spent in custody into account in determining sentence. In its tentative findings and rulings, (doc. no. 203), the Court noted that "Defendant Pearson has also file[d] a motion for downward departure and for adjustment arguing . . . that given that Defendant Pearson will be returned to the custody of the State of Alabama to complete his state sentence after sentencing in this matter, and he will not likely be given credit for the approximately two years he has already spent in custody on this matter, that the Court may make an adjustment to the Guidelines' sentence as to reflect the time he has already spent in custody . . . [A]s for defendant's motion for adjustment (properly termed as a motion for variance, the Court will take into account defendant's argument in fashioning an appropriate

8

sentence." Doc. No. 203.

Therefore, the record does not support Pearson's attempt to argue that he was misinformed by either his counsel, the government, or the Court, that his time served as of his federal sentencing date would be credited toward his state sentence. While it is certain that he would prefer that the credit go toward his federal sentence, his preference is contrary to BOP policy and the BOP has the jurisdiction to make credit determinations. Furthermore, the Court took the state sentence vs. federal sentence credit issue into account in determining Pearson's sentence. Neither his attorney, nor the Court, committed an error in this regard, and therefore, his Petition lacks substantive merit. In other words, judging the facts in the light most favorable to Pearson, there can be no viable claim of ineffectiveness of his counsel in this regard because he accurately stated the law, and therefore, his performance in this regard could not be gleaned as deficient. Moreover, there is no evidence that Pearson was prejudiced by the actions of his attorney.

Despite its title as a Section 2255 motion, it is and remains a request for judicial review of the manner in which the BOP is implementing the sentence, a matter which is more aptly within the jurisdiction of the United States District Court of the Eastern District of Arkansas. For these reasons, and because there is no merit on a substantive level, and there are procedural shortcomings as well, there is no need for an evidentiary hearing, discovery, appointment of an attorney, or the granting of a certificate of appealability.

For these reasons, the Motion to Vacate Sentence (doc. no. 254) will be DENIED. A certificate of appealability will be DENIED. An appropriate order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

ANDREW PEARSON
09830-002
FCI Forrest City
PO Box 9000-LOW
Forrest City, AR 72336
PRO SE